WARNER, J.,
concurring specially.
Since 2009 appellant has been evaluated nearly every six months to determine whether he was competent to proceed with juvenile and now adult charges. I count thirteen evaluations. Each time, save one (in 2011), he was. determined not to be competent. Almost all of the examiners found that he had significant developmental and learning disabilities. None diagnosed him with a mental illness, although a couple of the reports opine that he might have a psychotic disorder. Several others said that he did not have a mental illness. Some reports suggested ruling out retardation. Others did not mention it. Most likely, the reason that the reports don’t use the magic words “intellectual disability” is because these don’t appear in the statute until 2013, when an amendment changed “mental retardation or autism” to “intellectual disability or autism” in section 916.303(1), Florida Statutes (2013).
No testing was done of any significance to determine his intellectual capacity until 2014. Almost all of the reports suggest treatment, including residential treatment, to restore competency, but either the state has not provided it or it has been unsuccessful. I note that in 2009 the evaluators thought that with educational and behavioral training the chances of competency restoration were good, but more recent reports state that his prognosis to be restored to competency is “guarded.”
I do not pretend to understand the diagnoses in the psychological reports sufficiently to determine whether the learning disabilities would constitute “mental retardation” under the prior statute or “intellectual disability” under the present statute. Therefore, I cannot disagree with, the conclusion of the majority opinion that the record does not support the statutory requirements for dismissal of the charges. If, however, the appellant can show through the testimony or affidavits of the prior evaluators that their reports meant that he was intellectually disabled within the meaning of the statute, then he should be able to move again for dismissal of the charges.